IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brandon Bivins, | C/A No. 6:22-cv-1765-SAL |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| R. Dunbar, Warden,, | |
| Respondent. | |

*Pro se* petitioner Brandon Bivins ("Petitioner") filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the June 14, 2022 Report and Recommendation of Magistrate Judge Kevin F. McDonald (the "Report"), ECF No. 7, recommending the court dismiss the petition without requiring Respondent to file a return. Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 9. Petitioner has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law,[1] and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 7, and incorporates the Report by reference herein. As a result, the petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

May 4, 2023
Columbia, South Carolina

s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

[1] Of note, at the time the magistrate judge issued his Report, the law was unsettled as to whether Petitioner's Florida aggravated assault convictions qualified as violent felony predicates under the Armed Career Criminal Act ("ACCA"). [*See* ECF No. 7 at 5–6.] However, since the Report issued, the Florida Supreme Court has clarified the mens rea required for aggravated assault. *See Somers v. United States*, 355 So. 3d 887, 892 (Fla. 2022) (explaining aggravated assault "requires at least knowing conduct" and "cannot be accomplished via a reckless act"). Thus, Petitioner's aggravated assault convictions qualify as violent felony predicates under the ACCA. *See United States v. McCall*, 2023 WL 2128304, at *8 (11th Cir. Feb. 21, 2023) ("Because a Florida aggravated assault conviction requires purposeful or knowing conduct, McCall's conviction satisfies *Borden*[*v. United States*, 141 S. Ct. 1817 (2021) (plurality op.)] and qualifies as a predicate.").